UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY STEPHENSON and BILLY SMITH II, individually, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>　　　　　　Defendant. | Case No. 3:23-CV-01851-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

On July 22, 2025, Plaintiffs Jeffrey Stephenson and Billy Smith II, individually and on behalf of themselves and all others similarly situated ("Plaintiffs"), filed the unopposed Motion for Preliminary Approval of Class Action Settlement and Provisional Class Certification. (ECF No. 59.) The Motion requests that the Court grant preliminary approval of a proposed class action settlement and direct class notice in this action, the terms of which are set forth in a Class Action Settlement

1

3:23-CV-01851-WQH-KSC

Agreement with accompanying exhibits (the "Agreement").[1] The docket reflects that no opposition to the Motion has been filed.

The Court has considered the Agreement, Plaintiffs' Motion and exhibits thereto, and all papers filed in support of the motion and the entire docket in this matter. Having fully considered the matter, pursuant to Federal Rule of Civil Procedure 23(e),

IT IS HEREBY ORDERED that the Motion (ECF No. 59) is granted.

IT IS FURTHER ORDERED that:

1. The Court has jurisdiction over this action's subject matter and has personal jurisdiction over the Parties and the Settlement Class members defined and described below.

**Preliminary Approval of Proposed Settlement**

2. Subject to the Final Approval Hearing and any objections lodged by Settlement Class Members, the Court will likely be able to approve the Settlement as set forth in the Agreement as fair, reasonable, and adequate under Rule 23(e), including the releases contained therein, the Claims process, and the proposed Plan of Allocation described therein.

3. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the

---

[1] All defined terms have the same meaning as set forth in the Agreement, which is attached to the Declaration of Class Counsel as Exhibit 1 (ECF No. 59-2).

Settlement Classes, considering the risks and delay of continued litigation and all other relevant factors. The Court finds the Settlement (a) is the result of arm's-length negotiations involving experienced counsel, with the assistance of a neutral mediator; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Classes; and (c) preliminarily meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, for settlement purposes only.

## Preliminary Certification of Settlement Classes

4.  Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and in accord with the Settlement Agreement and solely for purposes of Settlement, the Court preliminarily approves the following Settlement Classes:

> **Written Explanation Settlement Class**. All Accountholders whose claims of unauthorized electronic fund transfers were denied by Navy Federal Credit Union between October 10, 2022, and the date the Court grants preliminary approval of the Settlement
>
> **Document Request Settlement Subclass.** All Accountholders in the Written Explanation Settlement Class who requested documents Navy Federal relied on in making its determination and who did not receive them.

5.  Excluded from the Settlement Classes are (1) any judge presiding over this Action and members of their families; and (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees.

6. All persons who are members of the Settlement Classes and who do not submit a valid request for exclusion are referred to collectively as "Settlement Class Members" or individually as a "Settlement Class Member."

7. For purposes of the settlement only, the Court preliminarily finds that the Settlement Classes satisfy the requirements of Rule 23(a) and (b)(3) in that: (1) the number of Settlement Class Members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class members; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class members; (4) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them; (5) the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

8. The Court appoints Plaintiffs Jeffrey Stephenson and Billy Smith II as Class Representatives for the Settlement Classes and the following counsel are hereby appointed as Class Counsel for the Settlement Classes: Scott Edelsberg and Adam Schwartzbaum of Edelsberg Law, P.A.; Edwin E. Elliott of Shamis & Gentile, P.A.; and Sophia Gold and Jeffrey D. Kaliel of Kaliel Gold PLLC.

9. The Court preliminarily finds for purposes of settlement only that the above attorneys are competent and capable of exercising the responsibilities of Class

Counsel, and that Plaintiffs and Class Counsel will adequately protect the interests of the Settlement Classes within the meaning of Fed. R. Civ. P. 23(a)(4) and (g).

### Notice and Administration

10. The Court approves Kroll Settlement Administration LLC (Kroll) as the Settlement Administrator and directs Kroll to perform the functions and duties of the Settlement Administrator set forth in the Settlement—including providing notice to the Settlement Classes and effectuating the Notice Program—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

11. The Court has carefully considered the forms and methods of notice to the Settlement Classes as set forth in the Settlement. The Court finds the Notice Program satisfies the requirements of due process and complies with Rule 23 of the Federal Rules of Civil Procedure. Namely, the Notice Program described in Section Four of the Settlement Agreement is reasonably calculated to apprise Settlement Class members of the nature of this Action, the scope of the Settlement Classes, the terms of the Settlement Agreement, the rights of Settlement Class members to submit a claim, object to or opt out of the Settlement and the process for doing so, and the date, time, and location of the Final Approval Hearing. The Court therefore approves the Notice Program and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class members pursuant to the terms of the Settlement Agreement and this Order.

5

3:23-CV-01851-WQH-KSC

12. The Court hereby approves the Notice Program and the form, content, and requirements of the Notices annexed as exhibits to the Agreement.[2] The Court finds the Notice Program fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

13. The Settlement Administrator shall send the agreed-upon Notices to the Settlement Class within sixty (60) calendar days following the entry of this Order (the "Notice Date") and will carry out all requirements of the Notice Program set out in Section Four of the Agreement. The Settlement Administrator shall maintain the Settlement Website to provide full information about the Settlement.

14. No later than ten (10) days before the Final Approval Hearing, Class Counsel shall file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Program, describing how the Notice Program and the Claim Form process were completed, and providing the names of members of the Settlement Class who timely and properly opted out from the Settlement Class, as well as those Settlement Class Members who timely

---

[2] The Parties, by agreement, may revise the Notices in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting, consistent with this Order.

filed objections, and other information as may be necessary to allow the Parties to seek and obtain Final Approval.

**Requests for Exclusion, Objections, and Appearances**

15. Any Settlement Class member who wishes to request to be excluded from the Settlement must send a written request for exclusion to the Settlement Administrator. To be valid, the Request for Exclusion must be postmarked on or before forty-five (45) days after the Notice Date; must include: the case name; a statement indicating the Settlement Class member's desire to be excluded from the Settlement Class, the Settlement Class member's name, current address, and signature. If an Account has more than one Accountholder, and if one Accountholder opts-out himself or herself from the Settlement Class, then all Accountholders on that Account shall be deemed to have opted-out of the Settlement with respect to that Account, and no Accountholder shall be entitled to a payment under the Settlement.

16. Settlement Class members who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Defendant.

17. If a request for exclusion is not postmarked on or before forty-five (45) days after the Notice Date, it will be invalid and the Settlement Class Member will be bound by the terms of the Settlement and the Final Approval Order and Final Judgment even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or any other proceedings against

Defendant. A Settlement Class member who does not file a timely request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this Action.

18. The Settlement Administrator shall promptly provide counsel for all Parties with copies of any request for exclusion.

19. Settlement Class Members have a right to object to approval of the proposed Settlement, to the award of attorneys' fees and litigation expenses, or to the Service Awards to the Class Representatives. Any Settlement Class Member who wishes to do so must file with the Court a written statement (along with any supporting papers), postmarked or filed on or before forty-five (45) days after the Notice Date. To be valid, objections must contain materially the following information: (i) the name of the Action; (ii) the objector's name, address, telephone number, and e-mail address; (iii) grounds for the objection including any legal support; (iv) the name and contact information of any attorneys representing, advising, or assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); (v) a statement advising whether the Settlement Class Member or his/her attorney intends to appear and/or testify at the Final Approval Hearing; and (vi) the objector's signature.

20. Any Settlement Class Member who does not make an objection to the Settlement in the manner provided herein or appear and state an objection at the Final

Approval Hearing shall be deemed to have waived and forfeited any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence; shall be precluded from seeking review of the Settlement by appeal or other means; and shall be bound by all terms of the Settlement and by all proceedings, orders, and judgments in the Action.

## Final Approval Hearing

21. The Court will hold a Final Approval Hearing on February 4, 2026, at 10:30 a.m. at the United States District Court for the Southern District of California, James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, CA 92101, for the following purposes:

(a) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b)(3) are met;

(b) to determine whether the Settlement is fair, reasonable, and adequate, and should be granted final approval by the Court;

(c) to determine whether the Judgment as provided under the Settlement Agreement should be entered dismissing the claims of the Settlement Class Members with prejudice;

(d) to consider the application for an award of attorneys' fees and litigation expenses of Class Counsel;

(e) to consider the application for service awards to the Settlement Class Representatives; and

(f) to rule upon such other matters as the Court deems appropriate.

22. At least fifteen (15) days prior to the Exception/Exclusion Deadline, Class Counsel shall file their motion for final approval and any application for attorneys' fees, litigation expenses and Service Awards to the Class Representatives. The Settlement Administrator is directed to post such fee petition to the Settlement Website. At least fourteen (14) days before the Final Approval Hearing, Class Counsel shall file any supplemental papers in support of Final Approval of the Settlement, including a response to any objections filed by Settlement Class Members, if any.

23. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Classes, except that any postponement, rescheduling, continuation, or transfer shall be posted to the Settlement Website. At, or following the Final Approval Hearing, the Court may enter a Final Approval Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

24. For clarity, the deadlines the Parties and members of the Settlement Classes shall adhere to are as follows:

## DEADLINES SUMMARY

| Event | Date |
|---|---|
| Deadline for Navy Federal to provide Settlement Class List to Class Counsel and the Settlement Administrator | No later than 30 calendar days after entry of the Preliminary Approval Order |
| Deadline for commencing emailing and mailing of the Notice to Settlement Class Members and posting the Notice and Claim Form on the Settlement website (the "Notice Date") | No later than 60 calendar days after entry of the Preliminary Approval Order |
| Deadline for Plaintiffs to file application for attorneys' fees and expenses and Service Awards | 30 calendar days after the Notice Date (up to 90 calendar days after entry of the Preliminary Approval Order) |
| Deadline for submitting of exclusion requests or objections | Postmarked no later than 45 calendar days after the Notice Date (up to 105 calendar days after entry of the Preliminary Approval Order) |
| Deadline for submitting Claim Forms | Postmarked or electronically filed no later than 60 calendar days after the Notice Date (up to 120 calendar days after entry of the Preliminary Approval Order) |
| Deadline for any response to any timely and valid objections and any supplemental brief re: final approval | 70 days after the Notice Date (up to 130 calendar days after entry of the Preliminary Approval Order) |
| Deadline for Settlement Administrator to Submit Declaration Identifying Opt Outs and Confirming Compliance with Notice Plan | At least 10 days before Final Approval Hearing. |
| Final Approval Hearing | February 4, 2026 at 10:30 a.m. |

25. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## Further Matters

26. In order to protect its jurisdiction to consider the fairness of the Settlement and to enter a Final Approval order and Final Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Classes, and anyone who acts or purports to act on their behalf, from pursuing or continuing to pursue all other proceedings in any state or federal court or

any other proceeding that seeks to address Releasing Parties' or any Settlement Class Member's rights or claims relating to, or arising out of, any of the Released Claims.

27. The Settlement does not constitute an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any liability, fault, or wrongdoing of any kind by Defendant, which vigorously denies all the claims and allegations raised in the Action.

28. In the event that the Settlement is terminated under the terms of the Settlement Agreement, or if for any reason whatsoever the Settlement is not finally approved, is not upheld on appeal, or is otherwise terminated for any other reason, then: (i) the Settlement shall be null and void, including any provisions related to the award of attorneys' fees and costs, shall have no further force and effect with respect to any Party in this Action, and may not be referred to or used as evidence or for any other purpose whatsoever in the Action or any other action or proceeding; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or Party hereto, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner of or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement that would ordinarily be discoverable but for the

attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any Party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving Parties (or their counsel) shall oppose any such motion.

29.  The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Classes.

IT IS SO ORDERED.

Dated: August 20, 2025

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court